MULLIGAN v. HINTRAGER *et al.*

1. **Constitutional law:** LEGAL TENDER. The case of *Hintrager* v. *Bates, infra,* as to the constitutionality of the act of Congress approved July 16th, 1862, making treasury notes a legal tender, approved and followed.

2. **Tax sale:** REDEMPTION. Under § 13, chap. 173, of the Laws of 1862, the owner of lands, in redeeming the same from a sale made for the payment of taxes, must pay, in addition to the amount bid at the sale and thirty per cent thereon, the taxes accruing thereafter and paid by the purchaser, with thirty per cent on all such taxes as remain unpaid until the first day of February after they become due, with ten per cent interest upon each of the several amounts thus ascertained.

*Appeal from Dubuque District Court.*

SATURDAY, DECEMBER 23.

PLAINTIFF, as the owner of several parcels of real estate, paid to the proper officer a certain amount of money to redeem the said property from a tax sale, and taxes paid thereon subsequently by the purchaser. The object of this proceeding is to determine the amount which he is bound to pay, and in what, — whether treasury notes or gold. The court below, from an agreed statement of facts, found for plaintiff, and defendants appeal.

*John L. Harvey* for the appellants.

*Griffith & Knight* for the appellee.

Mulligan v. Hintrager.

WRIGHT, Ch. J. — The question as to what kind of money the clerk was bound to receive in the redemption

**1. CONSTITUTIONAL LAW : legal tender.**

of these lands, whether legal tender treasury notes or gold, is disposed of in the case of *Hintrager* v. *Bates, infra,* growing out of this same transaction; and we need do no more at this time than to say that the finding of the court below in this respect is approved.

The second question arises upon the following facts: The county treasurer sold the real estate for the delinquent

**2. TAX SALE : redemption.**

taxes accrued for 1857, '8 and '9, on the 6th of May, 1861. May 17th, 1862, the purchaser paid the taxes against the said property for the year 1860. On the 30th of June in the same year he paid the taxes for 1861; and on the 31st of March, 1863, the taxes for 1862.

The court below held that the owner could redeem by paying the amount for which the property was sold, with thirty per cent added thereto, and ten per cent interest on the sum thus made from the date of sale until payment; and by also paying the amount of taxes paid by the purchaser since the sale, *with ten per cent interest from the time* they were thus paid until their payment under the decree, from which this appeal is taken.

There is no controversy as to the correctness of this decree, so far as it relates to the money paid at the tax sale. The parties differ as to the amount which plaintiff should receive on the taxes subsequently paid.

The act of April 3, 1860 (Rev., ch. 45, § 779, and which took effect July 4, 1860), provided that real property might be redeemed by paying " the amount for which the same was sold, and thirty per cent on the same, with ten per cent per annum on the whole amount from the day of sale, and the amount of all taxes accruing after such sale, with ten per cent interest per annum on such subsequent taxes."

By chap. 173 of the Laws of 1862, § 13, p. 226 (and

which took effect April 25, 1862), § 779 of the Revision was amended, and in place thereof it was enacted, that lands might be redeemed by paying the amount of the sale, the thirty per cent as a penalty, and ten per cent on the whole amount thus made, "and also the amount of all taxes, interest and costs paid for any subsequent year or years, and a similar penalty of thirty per centum added as before on the amount of the payment for each subsequent year, with ten per centum interest per annum on the whole of such amount or amounts, from the day or days of payment." The penalty for the non-payment of taxes for subsequent years cannot attach, however, unless such taxes remained unpaid until the 1st day of February after they became due.

There can be no question as to the meaning of this section. It is very clear that the owner must, in redeeming, pay the *thirty per cent penalty* on the taxes paid by the purchaser for the subsequent years, as well as on the amount bid at the sale. Upon what ground this amount was denied to the purchaser by the court below, does not appear. These taxes were paid after the act of 1862 took effect, and we cannot conceive-why the penalty did not attach.

It is suggested in argument that this thirty per cent is no part of the tax, but that under such a law one man's property is given to another without just compensation.

Counsel do but little more than state the proposition in their argument. Its force we are not prepared to concede. The invalidity of the law is, of course, based upon its claimed conflict with some provisions of the Constitution. These are not pointed out, and no such conflict occurs to us as to justify our interference. And when it is remembered that the tax-payer has three months, at least, after the warrant and list come into the hands of the treasurer, within which to pay his taxes, during which time the holder of the tax certificate, under a sale for prior delinquencies,

cannot pay the same; that the legislature has deemed it advisable for the speedy and certain collection of the public revenue to annex such penalties to provide against protracted delays; and to offer such inducements to those who will advance the means which the real owner of the property, and under the law is protected in its enjoyment, will not or fails to advance; we cannot see that the law is obnoxious to the objection stated. To concede appellee's proposition, would render it impossible for the State to declare forfeitures under any circumstances; would deprive it of the power to adjudge penalties against delinquent tax-payers.

Reversed and remanded, with directions to so modify the order as to allow to the purchaser the thirty per cent on taxes subsequently paid.

Reversed.